UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIRACLE MORINGA DIRECT, INC.,

Plaintiff,

v. Case No.: 8:19-cv-2846-T-36AAS

EYEFIVE, INC.,

Defendant.
___________________________________/

**ORDER**

Before the Court is Defendant Eyefive, Inc.'s Motion to Dismiss Amended Complaint for Improper Venue and for Lack of Personal Jurisdiction (Doc. 17) and Plaintiff Miracle Moringa Direct, Inc.'s response in opposition (Doc. 24). Defendant moves to dismiss the Amended Complaint because Plaintiff has not alleged and cannot establish that venue is proper in this district pursuant to 28 U.S.C. § 1391(b), or that this Court's exercise of personal jurisdiction over it comports with due process. As an alternative to dismissal, Defendant submits transfer of the case to the District of Colorado would be appropriate as venue and personal jurisdiction are proper in that court. A hearing on the motion was held on August 19, 2020. The Court, having considered the motion and being fully advised in the premises, will grant the Motion to Dismiss the Amended Complaint for lack of personal jurisdiction and venue and transfer this case to the District of Colorado.

## I. STATEMENT OF FACTS[1]

[1] The facts are derived from Plaintiffs' amended complaint (the "Amended Complaint"), (Doc. 15), the allegations of which the Court must accept as true in ruling on the motion, *see Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

**A. Factual Background**

Plaintiff is in the business of producing and selling a dietary supplement containing 100% pure moringa from Jamaica under the trademark "Miracle Moringa." Doc. 15 ¶ 13. Plaintiff first used the trademark to identify and distinguish its dietary supplements in September 2014. *Id.* ¶ 14. Since October 22, 2015, Plaintiff has continuously and exclusively used the mark in interstate commerce. *Id.* ¶ 15. Plaintiff acquired the exclusive rights to the "Miracle Moringa" trademark under Florida common law based on its adoption and use of the mark. *Id.* ¶ 16. Plaintiff is also the owner of U.S. Trademark Registration No. 5,767,991 ("991 Registration") for the "Miracle Moringa" trademark in connection with dietary/nutritional supplements containing moringa. *Id.* ¶ 17. Plaintiff has built and established substantial goodwill in the "Miracle Moringa" trademark. *Id.* ¶ 18.

Defendant provides products, fulfillment services, and strategy consulting services for e-commerce companies, including companies involved in the dietary supplement business. *Id.* ¶ 19. Defendant adopted or began using a counterfeit copy of the "Miracle Moringa" trademark without Plaintiff's authorization in connection with the sale, distribution, and advertising of dietary supplements that were not made by or authorized by Plaintiff. *Id.* ¶ 22(a). Defendant counterfeited or copied the "Miracle Moringa" trademark and applied the mark to labels, signs, packaging, and advertisements in connection with the sale and distribution of counterfeit products. *Id.* ¶ 22(b). Some of the labels specifically identify "ShipOffers." *Id.* ¶ 23. Defendants sell the counterfeit products under the "Nutrition Life" brand through infringing websites and infringing Facebook pages. *Id.* ¶¶ 24–25. To the extent the infringing websites and Facebook pages are owned or controlled by third parties, Defendant knew of their infringing conduct. *Id.* ¶ 27. Plaintiff sues Defendant in a five-count Amended Complaint alleging federal trademark infringement in

violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) (Count I); false designation of origin and sale or misleading description or representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); Florida common law trademark infringement (Count III); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.* (Count IV); and false, misleading, and deceptive advertising and sales in violation of Fla. Stat. §§ 817.40–817.47 (labeled Count VI). Doc. 15.

**B. Jurisdictional and Venue Allegations**

Plaintiff is a Florida corporation with its principle office located in Pasco County, Florida. Doc. 15 ¶ 4. Defendant is a Colorado corporation with its principle office located in Arapahoe County, Colorado. *Id.* ¶ 5. Defendant does business under the trade name of "ShipOffers," which is registered with the Colorado Secretary of State. *Id.* ¶ 6. Plaintiff alleges that this Court has personal jurisdiction over Defendant "because it is engaged in substantial and not isolated activity within Florida" and because Defendant committed a tortious act within Florida that caused injury to Plaintiff in Florida from its acts or omissions occurring outside of Florida. Doc. 15 ¶¶ 10, 11. Specifically, Plaintiff alleges Defendant caused injury to Plaintiff when it "engaged in solicitation or service activities within Florida" and/or when "products, materials, or things processed, serviced, or manufactured by Defendant were used or consumed within Florida in the ordinary course of commerce, trade, or use." *Id.* ¶ 11.

Plaintiff alleges venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)–(3) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district or a substantial part of property that is the subject of the action is situated in this district. *Id.* ¶ 12. Plaintiff also alleges venue is proper in this district because the Defendant is subject to the Court's personal jurisdiction. *Id.*

## II. LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). A court must dismiss an action against a defendant over which it lacks personal jurisdiction. *Smith v. Trans–Siberian Orchestra*, 689 F.Supp.2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co*., 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999)). To withstand a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *See id.* at 1313; *Virgin Health Corp. v. Virgin Enters. Ltd*., 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant can refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The district court must construe all reasonable inferences in the light most favorable to the plaintiff when confronted with conflicting evidence. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V*., 598 F.3d 802, 810 (11th Cir. 2010); *Consol. Dev. Corp*., 216 F.3d at 1291.

To determine whether personal jurisdiction exists over an out-of-state defendant, courts undertake a two-step analysis. *Verizon Trademark Servs. v. Producers, Inc*., 810 F.Supp.2d 1321, 1324 (M.D. Fla. 2011). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *See Future Tech. Today*, 218 F.3d at 1249. Second, if the court determines that the forum state's long-arm statute has been satisfied, the court must then decide whether the exercise of jurisdiction comports with the Due

Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* In determining whether jurisdiction comports with the Due Process Clause, the court must ask "(1) whether [the] defendant has established sufficient 'minimum contacts' with the [forum state]; and (2) whether the exercise of this jurisdiction over [the] defendant would offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## III. DISCUSSION

Defendant moves to dismiss all claims arguing the Court lacks personal jurisdiction over it and that venue is improper in this District. Doc. 17. Plaintiff responds that venue is proper because Plaintiff is a resident of this District and was injured here. Doc. 24 at 2–3. Additionally, Plaintiff contends that Defendant owns or controls the infringing websites that marketed and sold the infringing products to customers in Florida and in this judicial District. *Id.* at 4–6. Plaintiff alleges that past business relations with Defendant related to the trademark at issue support venue in this District because Defendant knew Plaintiff was in Florida. *Id.* 6–7. Similarly, Plaintiff argues personal jurisdiction exists over Defendant because Defendant allegedly owns the infringing websites and Defendant committed tortious acts in Florida that caused injuries to Plaintiff in Florida.

### A. Venue

Venue is governed by 28 U.S.C. § 1391, which provides in pertinent part:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff argues that because Defendant is subject to the Court's personal jurisdiction, venue is appropriate here pursuant to § 1391(b)(3). However, this provision is only triggered when there is no district in which the action may otherwise be brought. As Defendant points out, the action could have been brought in the District of Colorado where Defendant has its principal place of business. Thus, Plaintiff must demonstrate a substantial part of the events or a substantial part of the property that is the subject of the action is situated in this District to support finding venue appropriate here. After a hearing on the matter and review of Plaintiff's allegations, it is apparent Plaintiff fails to allege facts to support venue here.

Plaintiff's allegations related to venue focus on Plaintiff's presence in this District and the harm it suffered here. In the venue analysis, however, the focus must be on a defendant's activities, not the plaintiff's activities. In trademark-infringement matters, to determine where a substantial part of the events occurred, the Eleventh Circuit has found "[t]he place where the alleged passing off occurred . . . provides an obviously correct venue." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). Thus, where the Plaintiff suffered damages from infringement is not significant for the venue analysis. *See Blue Water Int'l, Inc. v. Hattrick's Irish Sports Pub, LLC*, No. 8:17-CV-1584-T-23AEP, 2017 WL 4182405, at *3 (M.D. Fla. Sept. 21, 2017) ("[T]he weight of authority holds that trademark infringement and unfair competition occur not where the plaintiff suffers an injury but rather where the alleged infringer sells a product.").

In support of its motion, Defendant submits the declaration of Douglas Roberts, who is an officer, director, and shareholder of Colorado corporation EyeFive, Inc., d/b/a ShipOffers. Doc. 17-1. Mr. Roberts refutes Plaintiff's allegations that EyeFive, directly or through a third party, owns, controls, operates or maintains the websites http://nutrition-life.info and http://nutrition-life.com and the Facebook pages available at http://facebook.com/nutitionlifeshop and

http://facebook.com/miraclemoringas. *Id.* ¶ 5. He denies that EyeFive has ever owned, controlled, operated or maintained any of the referenced websites or Facebook pages. *Id.* ¶ 6. Additionally, he denies the allegations that EyeFive had any right or ability to control the content on these websites or Facebook pages. *Id.* ¶ 7.

Mr. Roberts represents that the websites are believed to be owned by Digify Buzz, a company organized under the laws of Romania. *Id.* ¶ 8. He represents that EyeFive does not own or control, either directly or indirectly, Digify Buzz. *Id.* He further denies that Exhibit D to the Complaint shows EyeFive's purported "examples" of unauthorized use as the pictures appear to be screenshots of the nutrition-life.info website and certain Facebook pages of which EyeFive has never owned, controlled, operated or maintained. *Id.* ¶¶ 9, 10. Mr. Roberts further denies any knowledge of the purportedly infringing websites until Defendant was served with a copy of this lawsuit. *Id.* ¶ 12. He declares that EyeFive does not market or sell moringa products. *Id.* ¶.

In response, Plaintiff submits the affidavit of a consumer who purchased a bottle of the counterfeit product from the nutrition-life website. As Defendant pointed out at the hearing, however, and which Plaintiff does not deny, the consumer was not a Florida consumer. Plaintiff additionally cites to online reviews made by a Florida consumer to support infringing conduct in this jurisdiction, but as discussed at the hearing, the review was of a different product, not Miracle Moringa.

When venue is challenged by a Rule 12(b)(3) motion, the plaintiff has the burden of establishing that venue in the present forum is proper. *Maid to Perfection Glob., Inc. v. Miller*, No. 618CV463ORL22GJK, 2018 WL 8244570, at *3 (M.D. Fla. Aug. 22, 2018) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). A court "must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when

an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* Conflicts between allegations in the complaint and evidence outside the pleadings must be resolved in favor of the plaintiff. *Id.* "Rule 12(b)(3) is a somewhat unique context of dismissal in which we consciously look beyond the mere allegations of a complaint, and . . . we do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012). The Court has properly considered the affidavits and evidence submitted by the parties, and in the absence of evidence countering Defendant's affidavit, the Court concludes Plaintiff has failed to demonstrate venue is appropriate in the Middle District of Florida.

**B. Personal Jurisdiction and Florida's Long-arm Statute**

The Court begins by analyzing whether Florida's long-arm statute has been satisfied. Florida's long-arm statute permits jurisdiction over non-residents under two circumstances. First, a non-resident submits itself to Florida's specific jurisdiction by performing any of the acts enumerated by the long-arm statute. Fla. Stat. §§ 48.193(1)(a)(1)–(9). Second, a non-resident submits itself to Florida's general jurisdiction by "engag[ing] in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . whether or not the [plaintiff's] claim arises from that activity." Fla. Stat. § 48.193(2). While the Amended Complaint generally asserts both general and specific jurisdiction exist, Plaintiff has not established that the Court has either specific or general jurisdiction over Defendant Eyefive.

i. *Specific Jurisdiction*

In analyzing the issue of specific jurisdiction, a court must first determine whether one of the acts set out in section 48.193(1) of the Florida long-arm statute is applicable to the case at hand. In the event that this first prong of specific jurisdiction is met, a court must then address the due

process prong. The Eleventh Circuit has comprehensively discussed this standard. And the United States Supreme Court, in a handful of leading cases, laid out the proper due process standard for cases involving specific jurisdiction. In the interest of preserving "traditional notions of fair play and substantial justice" a state may exercise specific jurisdiction only over a defendant who has certain "minimum contacts" with the state. *Int'l Shoe Co.*, 326 U.S. at 316. This so-called "minimum contacts" rule is the "constitutional touchstone" for such jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

In a more recent case, the Supreme Court reiterated the importance of the "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State" in the context of specific jurisdiction. *Bristol–Myers Squibb Co. v. Superior Court of California, San Francisco County*, — U.S. —, 137 S.Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Here, Plaintiff claims that Defendant committed tortious acts in this State, but as discussed above, the alleged connections between Defendant's conduct and the State of Florida are lacking.

ii. *General Jurisdiction*

Unlike specific jurisdiction, Florida's general jurisdiction does not require the performance or occurrence of any particular act. General jurisdiction under the Florida long-arm statute provides that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts construe "substantial and not isolated activity" to mean "continuous and systematic business contact" with the state. *Caiazzo v. Am. Royal Arts Corp.*, 73 So.3d 245, 250 (Fla. 4th DCA 2011).

The Supreme Court clarified the standard for general jurisdiction when it revisited the meaning of "continuous and systematic contact" in *Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014). It reiterated that the quintessential contact that renders a defendant "at home" in the forum are formal incorporation in that state and locating its principal place of business there. *Id.* at 139. It is the "exceptional case" for a corporation to be "essentially at home" in a place other than its domicile. *Id.* at 139, n. 19. Therefore, a corporation is not subject to general jurisdiction in every state where it engages in "substantial, continuous, and systematic course of business." *Id.* at 137–38. The Eleventh Circuit echoed this sentiment in *Carmouche v. Tamborlee Mgt., Inc.*, stating that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Daimler*, 134 S.Ct. at 760). Plaintiff has not alleged any continuous or substantial activity in the State of Florida, nor has it demonstrated that Defendant is "at home" in Florida. General jurisdiction is lacking.

iii. Due Process

Because the Court concludes that Plaintiff has not established through its allegations or competent evidence that EyeFive is subject to personal jurisdiction under Florida's long-arm statute, the Court need not reach the due process inquiry. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1275 n. 15 (11th Cir. 2009).

## IV. CONCLUSION

For the reasons discussed above and at the hearing, the Court concludes it lacks personal jurisdiction over Defendant and venue is not proper in this District. Accordingly, Defendant's Motion to Dismiss is due to be granted. Defendant has proposed that in lieu of dismissal the Court transfer this case to the District of Colorado where Defendant is domiciled. As discussed at the hearing, the Court will exercise its discretion and transfer this action.

Accordingly, it is hereby **ORDERED**:

1. Eyefive, Inc.'s Motion to Dismiss Amended Complaint for Improper Venue and for Lack of Personal Jurisdiction (Doc. 17) is **GRANTED**.

2. The Clerk is directed to immediately **TRANSFER** this case to the United States District Court for the District of Colorado. The Clerk is further directed to close this file.

**DONE AND ORDERED** in Tampa, Florida on August 26, 2020.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any